# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BLACKTOP INDUSTRIES,**
**Employer Below, Petitioner**

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 13-1198**  (BOR Appeal No. 2048345)
(Claim No. 2013003137)

**ROBERT WOLFE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blacktop Industries, by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Robert Wolfe, by Lawrence B. Lowry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 31, 2013, in which the Board reversed an April 9, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2012, decision denying Mr. Wolfe's request to add post-traumatic stress disorder as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wolfe worked as a truck driver for Blacktop Industries. Mr. Wolfe was involved in a two car motor vehicle accident when driving his asphalt truck. The driver of the other vehicle died in the accident. Mr. Wolfe had abrasions on his back and shoulder from the accident. The claim was held compensable for superficial injury of other multiple/unspecified sites. George Mercado, M.D., diagnosed Mr. Wolfe with post-traumatic stress disorder related to his occupational injury that occurred on October 6, 2011. Mr. Wolfe began receiving psychiatric

1

treatment on the day after the accident for his tearful episodes, flashbacks, nightmares, and insomnia. Mr. Wolfe filed an application requesting that post-traumatic stress disorder be added as a compensable condition. The claims administrator denied the request to add post-traumatic stress disorder as a compensable condition.

The Office of Judges affirmed the claims administrator's decision denying the request to add post-traumatic stress disorder as a compensable condition. The Board of Review reversed the Order of the Office of Judges and added post-traumatic stress disorder as a compensable condition. On appeal, Blacktop Industries disagrees and asserts that there is no causal connection between post-traumatic stress disorder and the minor injury Mr. Wolfe sustained in the motor vehicle accident. Blacktop Industries further argues that the Board of Review misstated the law as to when psychiatric conditions are compensable. It asserts that the post-traumatic stress disorder was caused solely by nonphysical means, specifically the fatality of the other driver. Mr. Wolfe maintains that the Board of Review correctly found that West Virginia law does not bar a claim for post-traumatic stress disorder. Mr. Wolfe further maintains that the undisputed evidence clearly establishes that he suffers from post-traumatic stress disorder as a direct result of the traumatic motor vehicle accident that occurred in the course of his employment as a truck driver.

The Office of Judges concluded that Mr. Wolfe's application for benefits was barred pursuant to West Virginia Code § 23-4-1f (1993) which prohibits claims for an injury "solely caused by nonphysical means and which did not result in any physical injury or disease to the person claiming benefits." The Office of Judges found that it was uncontested that Mr. Wolfe was involved in a motor vehicle accident while working and received multiple abrasions on his back and shoulder. The Office of Judges noted that the claim was held compensable for superficial injury of other multiple/unspecified sites. The Office of Judges further noted that Mr. Wolfe sought psychiatric treatment and reported having feelings of grief, guilt, and anxiety as well as flashbacks and nightmares. The Office of Judges pointed to West Virginia Code of State Rules § 85-20-12.4 (2006) and West Virginia Code § 23-4-1f as the controlling law. The Office of Judges found that Mr. Wolfe did not meet his burden of proof and that the evidence demonstrates that his psychiatric problems are associated with the fatality rather than his physical injuries, which were noted to be minor in the initial consultation. The Office of Judges further found that there was no evidence contained in the psychiatric consultation that demonstrated Mr. Wolfe's psychiatric condition is directly related to the compensable injury. The Office of Judges concluded that Mr. Wolfe did not establish a causal connection between his diagnosed post-traumatic stress disorder and the physical compensable injury.

The Board of Review reversed the Order of the Office of Judges and found the conclusion of the Office of Judges was clearly wrong. The Board of Review found that the facts were not in dispute in this case but determined that the Office of Judges incorrectly found this claim was barred by West Virginia Code § 23-4-1f. The Board of Review pointed to the physical nature of the incident, particularly the muscle spasm and abrasions of multiple sites. The Board of Review found the psychiatric records showed that immediately after the accident Mr. Wolfe began experiencing daily tearful episodes, frequent and recurring flashbacks of the accident, vivid nightmares, and insomnia. The Board of Review relied on the opinion of Dr. Mercado, a

2

psychiatrist, who diagnosed Mr. Wolfe with post-traumatic stress disorder related to the October 6, 2011, motor vehicle accident. The Board of Review concluded that Mr. Wolfe suffered physical and psychiatric injuries in the course of and resulting from his work-related injury and added post-traumatic stress disorder as a compensable condition of the claim.

This Court agrees with the findings and conclusions of the Order of the Board of Review. West Virginia Code § 23-4-1f does not apply to this claim. Mr. Wolfe did suffer a physical injury in the form of abrasions on his back and shoulder, and his claim was held compensable for superficial injury of other multiple/unspecified sites. Mr. Wolfe also has provided medical evidence that he suffers from post-traumatic stress disorder. He began seeking psychiatric treatment the day after his motor vehicle accident and was diagnosed with post-traumatic stress disorder by Dr. Mercado. Therefore, this Court finds that Mr. Wolfe's request for post-traumatic stress disorder as a compensable condition is not barred and affirms the Order of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II